**SPRINGS WINDOW FASHIONS
LP and Shade–O–Matic
Ltd., Plaintiffs,**

v.

**NOVO INDUSTRIES, L.P., Defendant.**

**No. 01–C–0400–S.**

United States District Court,
W.D. Wisconsin.

March 8, 2002.

Robert A. Pasch, Madison, WI, Roy H. Wepner, Westfield, NJ, for Plaintiffs.

Bruce A. Schultz, Coyne Niess Schultz Becker & Bauer, Madison, WI, for Defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiffs Springs Window Fashion, LP and Shade–O–Matic commenced this patent infringement action alleging that defendant Novo Industries, L.P., manufactures and sells a machine for trimming Venetian window blinds that infringes plaintiffs' United States patent no. 6,178,-857 (the '857 patent). Defendant denied infringement and raised several affirmative defenses and counterclaims. On January 9, 2002, The Court partially granted defendant's motion to amend its complaint, permitting defendant to add counterclaims for declaratory judgment, patent misuse, tortious interference with contract and disparagement and to expand its affirmative defenses. On February 25, 2002, the Court granted defendant's motion for summary judgment of non-infringement, thereby mooting defendant's affirmative defenses and its counterclaim for declaratory judgment, except as it relates to non-infringement.

The matter is presently before the Court on plaintiffs' motion for summary judgment on the remaining counterclaims for misuse, tortious interference and disparagement.

## MEMORANDUM

The basis for each of the remaining counterclaims is that plaintiffs wrongfully advised defendant's present or potential customers that use of defendant's blind cutter infringed the '857 patent. Regardless of the precise elements under state law, defendant can prevail on its misuse, tortious interference and disparagement counterclaims only if it can demonstrate that plaintiff acted in bad faith in asserting infringement because anything less would require dismissal on preemption grounds. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335–37 (Fed. Cir.1998). Plaintiffs assert that they are entitled to summary judgment because defendant cannot prove bad faith.

Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective positions and the Court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A fact is material only if it might affect the outcome of the suit under the governing law. Disputes over unnecessary or irrelevant facts will not preclude summary judgment. A factual issue is genuine only if the evidence is such that a reasonable factfinder, applying the appropriate evidentiary standard of proof, could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Under Rule 56(e) it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.

Accordingly, the issue is whether defendant has come forth with sufficient evidence to support a reasonable inference that plaintiffs acted in bad faith when they asserted to third parties that defendant's device infringed. To the contrary, all evidence indicates that plaintiffs genuinely believed that their proposed interpretation of the patent was correct and that defendant was infringing. Indeed, defendant conceded in response to plaintiffs' proposed findings of fact that it has no information that plaintiff Springs did not believe defendant was infringing.

Furthermore, plaintiffs received an opinion of counsel in June 2001 supporting their infringement position. Based on this evidence, no factfinder could conclude that plaintiffs were acting in bad faith in asserting infringement.

█ Defendant asks in its brief that summary judgment be continued pursuant to Rule 56(f) because discovery is ongoing and may yield evidence of bad faith. Rule 56(f) does not warrant a continuance. First, there is no reason to believe that any discovery presently pending will yield evidence of bad faith. Plaintiffs asserted a plausible interpretation of the patent supported by opinion of counsel which plaintiff appears to have genuinely embraced. Given these facts it is unlikely that anything a witness could say would support a finding that assertions of infringement were in bad faith. Defendant's argument is little more than an observation that discovery is ongoing. Defendant presents no reasonable basis to believe that this ongoing discovery might lead to evidence which would defeat the motion. *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 809 (Fed.Cir.1999).

Additionally, defendant's pursuit of these counterclaims has been halfhearted and dilatory. It amended its complaint to add the counterclaims although it could readily have asserted them in its original answer. It has not proceeded promptly to pursue discovery of the issue. *Id.* Even its outstanding discovery requests and deposition notices do not appear to be directed at this issue. If defendant wants to justify a fishing expedition it should at least have baited its hooks. Considering the unlikelihood that additional discovery will expose anything to keep these counterclaims alive, and defendant's limited pursuit of the claims to date, there is no justification for a Rule 56(f) continuance.

Plaintiff is entitled to summary judgment on the counterclaims. All issues having been resolved or mooted, judgment may be entered accordingly.

### ORDER

IT IS ORDERED that plaintiffs' motion for summary judgment on defendant's counterclaims for patent misuse, tortious interference and disparagement is GRANTED.

IT IS FURTHER ORDERED that Judgment be entered dismissing plaintiffs' complaint with prejudice and costs, dismissing defendant's counterclaims for patent misuse, tortious interference and disparagement with prejudice, declaring that defendant's accused blind cutter does not infringe United States patent no. 6,178,857 and dismissing the remainder of defendant's counterclaim for declaratory judgment without prejudice as moot.